# UNITED STATES DISTRICT COURT
# for the
# EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. William Franklin Dunham**  Docket No. 5:15-CR-375-1D

## Petition for Action on Supervised Release

COMES NOW Michael W. Dilda, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of William Franklin Dunham, who, upon an earlier plea of guilty to Receipt of Child Pornography, in violation 18 U.S.C. § 2252(a)(2), was sentenced by the Honorable W. Earl Britt, Senior U.S. District Judge, on August 30, 2016, to the custody of the Bureau of Prisons for a term of 66 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of life.

On December 15, 2021, as part of his conditions of supervision, Dunham was scheduled to complete a polygraph examination; however, the same was not completed. The defendant failed to complete the preliminary document (Full Disclosure Sexual History Questionnaire) as directed by the probation officer. Dunham noted that he wanted to preserve his Fifth Amendment Constitutional rights by not answering the questionnaire in its entirely, thereby preventing the completion of the polygraph exam. As a result, a Motion for Revocation was filed on January 25, 2022, on the above conduct by failing to follow the instructions of the probation officer.

On April 11, 2022, a revocation hearing was conducted before the Honorable W. Earl Britt to present evidence regarding the violation conduct and the decision was set aside to allow the court to consider the evidence under advisement, along with subsequent memoranda filed from the defendant and probation office supporting their respective positions. The defendant requested that the court remove the polygraph condition or, alternatively, deny the motion for revocation and order that the probation office is precluded from requiring Dunham's answers on the questionnaire. The government maintained at the hearing, and the probation office argued in its memorandum, that Dunham's Fifth Amendment rights are not implicated because the answers to the sex offender questionnaire would not be utilized to prosecute him. Additionally, the completed questionnaire is maintained with the probation office, which remains confidential and used in conjunction with the defendant's treatment program.

On May 6, 2022, an Order was issued by the court that denied the motion for revocation. The court concluded the information sought by the questionnaire is incriminating and "the criminal prosecution of defendant is sufficiently a possibility." The court revealed it will not revoke supervised release for Dunham by his failure to follow the instructions of his probation officer to complete the polygraph questionnaire; however, the court declined to remove the polygraph condition and agreed with the probation office that polygraph testing can be an appropriate treatment tool in the supervision of sex offenders. The court directed the probation office "to communicate with the defendant's treatment provider about the treatment benefits of proceeding with the polygraph test now, subject to defendant having legitimately invoked his Fifth Amendment privilege in response to certain questions, and whether other polygraph questions, i.e., one in addition to those already asked, might assist with defendant's treatment."

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On May 18, 2022, a letter was received from Waynesboro Family Clinic in Goldsboro, North Carolina, dated May 17, 2022, from Benjamin Baldwin, Licensed Clinical Mental Health Counselor and Certified Sex Offender Treatment Provider. Baldwin noted that he not only supports the sexual history questionnaire,

William Franklin Dunham
Docket No. 5:15-CR-375-1D
Petition For Action
Page 2

but also the benefits of the same to identify previous patterns and to determine if there are any concerns by completing the sex offender evaluations. Baldwin further revealed, "Regarding polygraph testing, with the new waiver, I can wholeheartedly support this testing. Mr. Dunham had been concerned about self-incrimination. With the new waiver, it provides instructions and allows clients/registered sex offenders to understand their rights. I agree that polygraphs can be helpful with treatment and future recommendations for treatment."

The probation office has provided the defendant with a revised waiver to review and sign prior to submission to the polygraph exam; however, the questionnaire remains incomplete, and we are not able to proceed with the polygraph exam. Dunham continues to invoke his Fifth Amendment privileges by not answering the entire questionnaire. A polygraph exam cannot be completed until the entire questionnaire has been completed. Follow-up communication with Waynesboro Family Clinic revealed the defendant remains in compliance with his treatment program; however, the questionnaire remains incomplete.

On July 20, 2022, the case was reassigned to Your Honor.

**PRAYING THAT THE COURT WILL ORDER** that a hearing be scheduled to address this issue with the court.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,                          I declare under penalty of perjury that the foregoing
                                                is true and correct.

/s/ Dewayne L. Smith                            /s/ Michael W. Dilda
Dewayne L. Smith                                Michael W. Dilda
Supervising U.S. Probation Officer              U.S. Probation Officer
                                                150 Reade Circle
                                                Greenville, NC 27858-1137
                                                Phone: 252-830-2342
                                                Executed On: July 21, 2022

### ORDER OF THE COURT

Considered and ordered this  22  day of  July , 2022. The Clerk's Office shall schedule a hearing before this court to address a possible modification of supervision.

_____
James C. Dever III
U.S. District Judge